OFFICE OF DISCIPLINARY
COUNSEL, Petitioner,

v.

George C. EXUM, Jr., Respondent.

No. 444 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

Aug. 17, 1998.

*ORDER*

PER CURIAM:

AND NOW, this 17th day of August, 1998, upon consideration of the Report and Recommendations of the Disciplinary Board dated June 24, 1998, it is

ORDERED that George C. Exum, Jr., be and he is suspended from the Bar of this Commonwealth for a period of two years, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ORDERED that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa. R.D.E.

CASTILLE, J., dissents and would enter a rule to show cause why respondent should not be disbarred for failure to notify the

Board of Law Examiners of his criminal history.

OFFICE OF DISCIPLINARY
COUNSEL, Petitioner,

v.

Carson James TAYLOR, Respondent.

No. 448 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

Aug. 17, 1998.

*ORDER*

PER CURIAM:

AND NOW, this 17th day of August, 1998, there having been filed with this Court by Carson James Taylor his verified Statement of Resignation dated July 2, 1998, stating that he desires to resign from the Bar of the Commonwealth of Pennsylvania in accordance with the provisions of Rule 215, Pa. R.D.E., it is

ORDERED that the resignation of Carson James Taylor be and it is hereby accepted and he is DISBARRED ON CONSENT from the Bar of the Commonwealth of Pennsylvania; and it is further ORDERED that he shall comply with the provisions of Rule 217, Pa.R.D.E. Respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

---

took place. *Mains v. Moore*, 189 Pa.Super. 430, 150 A.2d 549 (1959). Thus, it is axiomatic that on remand, Kituskie is entitled to have a jury

determine the issue of collectibility if there are disputed facts or inferences which can be drawn from the facts.